UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

03cv12249 DPW                                    C.A. NO.

---

DONALD A. BRISSON,

    Plaintiff

v.

CITY OF NEW BEDFORD and NED K. LeDUC,

    Defendants

NOTICE OF REMOVAL

MAGISTRATE JUDGE Alexander

---

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Now come the defendants, City of New Bedford and Ned K. LeDuc ("Defendants"), pursuant to the provisions of 28 U.S.C. §§1441 and 1446, and hereby file notice of the removal of this action from the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts, County of Bristol, where it is currently pending, based upon the following grounds:

1. This is an action in which the plaintiffs allege violations of rights secured by the United States Constitution by the defendants, see Complaint (¶¶36, 37, 39, 43, 44, 45) affixed hereto and incorporated by reference, as well as various state law claims.

2. This Court has jurisdiction over the plaintiffs' constitutional claims pursuant to 28 U.S.C. §1331, and the entire case may be removed pursuant to 28 U.S.C. §1441.

3. Removal is timely, as this action was served on the defendants no earlier than October 15, 2003, and the original Notice of Removal was filed on November 14, 2003.

AMOUNT $150
SUMMONS ISSUED N/P
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK

Signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

DEFENDANTS,

CITY OF NEW BEDFORD
AND NED K. LEDUC,

By their attorneys,

Joseph L. Tehan, Jr. (BBO# 494020)
Gregg J. Corbo (BBO# 641459)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

206523/60700/0499

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on Nov. 14, 2003

Form #42

[L.S.]

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.                                SUPERIOR COURT DEPT. OF THE TRIAL COURT
                                            CIVIL ACTION
[SEAL]                                      No. BRCV2003-01115

DONALD A. BRISSON _____, Plaintiff(s)

v.

CITY OF NEW BEDFORD
and NED K. LeDUC _____, Defendant(s)

(TO PLAINTIFF'S ATTORNEY :
   PLEASE INDICATE TYPE OF ACTION INVOLVED :—
   TORT — MOTOR VEHICLE TORT — CONTRACT —
   EQUITABLE RELIEF —(OTHER))

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT: CITY OF NEW BEDFORD - MAYOR'S OFFICE

You are hereby summoned and required to serve upon James R. McMahon, III, Esq. Law Offices of James R. McMahon, III, P.C. plaintiff's attorney, whose address is 25 Main St.; Box 313, Buzzards Bay, MA 02532, an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Taunton, MA either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Hon. Suzanne V. Del Vecchio, Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the 3rd day of October, in the year of our Lord two thousand and three.

*A TRUE ATTESTED COPY*
*BRISTOL COUNTY DEPUTY SHERIFF 10/14/03*
_____, Esq.
Magistrate

OCT 14 2003

**NOTE-TO-DEFENDANT** — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer or agency thereof is a defendant, the time to be inserted is 60 days.

2SC 24



Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

[SEAL]

SUPERIOR COURT DEPT. OF THE TRIAL COURT

CIVIL ACTION

No. BRCV2003-01115

DONALD A. BRISSON , Plaintiff(s)

v.

CITY OF NEW BEDFORD
and NED K. LeDUC , Defendant(s)

(TO PLAINTIFF'S ATTORNEY :
PLEASE INDICATE TYPE OF ACTION INVOLVED :—
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — (OTHER))

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT: NED K. LeDUC - NEW BEDFORD POLICE DEPARTMENT

You are hereby summoned and required to serve upon James R. McMahon, III, Esq.
Law Offices of James R. McMahon, III, P.C.
plaintiff's attorney, whose address is 25 Main St., Box 313, Buzzards Bay, MA 02532
an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Taunton, MA either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Hon. Suzanne V. Del Vecchio, Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the 3rd day of October, in the year of our Lord two thousand and three

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

TRUE ATTESTED COPY
BRISTOL COUNTY DEPUTY SHERIFF 10/15/03

_____ , Esq.
Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer or agency thereof is a defendant, the time to be inserted is 60 days.

| CIVIL ACTION COVER SHEET | .RCV2003-01115 | Superior Court Department County: BRISTOL |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Donald A. Brisson | City of New Bedford and Ned K. LeDuc |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE (508) 759-9099<br>Law Offices of James R. McMahon, III, PC<br>25 Main Street, Second Floor, P. O. Box 313<br>Buzzards Bay, MA 02532     552111<br>Board of Bar Overseers number: | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E03 | Action against a municipality | (A) | (X) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . .
 2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . .
 3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . .
 4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . .
 5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . .
      Subtotal $. . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . $. . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . $. . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . .
F. Other documented items of damages (describe)
      $. . . . . . .
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
This is a Civil Rights action brought against the City of New Bedford and one of its Police Officers, Ned K. LeDuc, on October 6, 2000, resulting in the wrongful arrest of the Plaintiff and the damages that flow therefrom. This Court has   $. . . . . . .
Jurisdiction under G.L. c. 258.
      TOTAL $ 100,000.00...

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

      TOTAL $. . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _James R. McMahon, III, Esquire_   DATE: 10-01-03

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF THE COMMONWEALTH

BRISTOL, ss.                                SUPERIOR COURT DEPARTMENT
                                            BRISTOL DIVISION
                                            CIVIL ACTION NO: BRCV2003-01115

```
* * * * * * * * * * * * *
                        *
DONALD A. BRISSON,      *
         Plaintiff      *
                        *
v.                      *            COMPLAINT
                        *
CITY OF NEW BEDFORD and *
NED K. LeDUC,           *
         Defendants     *
                        *
* * * * * * * * * * * * *
```

NOW comes the Plaintiff, Donald A. Brisson, pursuant to Rule 8(a) of the Massachusetts Rules of Civil Procedure, and hereby sets forth his claims against the Defendants, as follows:

### INTRODUCTION
(Parties and Jurisdiction)

1. The Plaintiff, Donald A. Brisson, is a citizen of the Commonwealth of Massachusetts, with a residence of 5 Knollwood Drive, Town of Dartmouth, Bristol County, MA 02747; and at all times pertinent to this action, was and is an attorney at law, duly licensed by the Commonwealth of Massachusetts, and engaged in his profession at an office located at 5 Dover Street, Suite 101, P.O. Box 8186, New Bedford, MA 02740.

2. The Defendant, the City of New Bedford, hereinafter referred to as the "City", is a municipality located within Bristol County of the Commonwealth of Massachusetts, and has a principal place of business and administrative offices at the

1

New Bedford City Hall, 133 Williams Street, New Bedford, Bristol County, MA 02740; and as a municipality operates and maintains a police department located at 871 Rockdale Avenue, New Bedford, MA 02740; and this Defendant is the public employer of the individually named Defendant, Ned K. LeDuc, who is a public employee of this Defendant.

3. The Defendant, Ned K. LeDuc, hereinafter referred to as "LeDuc", is a citizen of the Commonwealth of Massachusetts; and at all times pertinent to the action herein, was a duly appointed officer of the Police Department of the City of New Bedford, with a business address of New Bedford Police Department, 871 Rockdale Avenue, New Bedford, MA 02740; and this Defendant is a public employee of the public employer, the City of New Bedford; and this individual is being sued both in his official capacity and individually.

4. This Honorable Court has jurisdiction over this matter pursuant to M.G.L. c. 212, § 4, and M.G.L. c. 258, § 3.

## SUMMARY OF THE CASE

5. This is a civil rights action brought against the City of New Bedford based on a policy or custom, and one of its police officers arising from the arrest, detention, arraignment, prosecution, and damages suffered by the Plaintiff, Donald A. Brisson, on October 6, 2000, in New Bedford, MA.

6. The Plaintiff was arrested and taken into custody by Ned K. LeDuc, for no lawful reason, but under color of law, causing certain damages to the Plaintiff.

2

## FACTUAL ALLEGATIONS

7.  On October 6, 2000, prior to noon, the Plaintiff, acting in his capacity of an attorney at law, was representing a client, Steven Furtado, before the New Bedford District Court, David T. Turcotte, J. at which time the client was ordered released.

8.  Shortly thereafter, the New Bedford Police took Steven Furtado into custody under obscure authority, and interrogated him at the New Bedford Police Station, located at 871 Rockdale Avenue, in New Bedford, MA.

9.  The Plaintiff protested the taking into custody of his client at the New Bedford District Court, and went to the New Bedford Police Station at approximately 1:12 P.M., on October 6, 2000.

10. As the Plaintiff was walking into the Police Station, he received a cell phone call from his client, Steven Furtado, who said the New Bedford Police were asking him questions and wanted him to sign a document.

11. As the Plaintiff concluded his cell phone call, he approached a desk officer, Ned K. LeDuc, who was behind a plexi-glass window, explained why he was there, and LeDuc arranged for the Plaintiff to speak with Sgt. Winterson.

12. The Plaintiff spoke with Sgt. Winterson, and he advised Sgt. Winterson that he represents Steven Furtado, that the Court had released Steven Furtado, and that the New Bedford Police are not to interrogate Steven Furtado without the Plaintiff being present, nor ask him to sign any documents, and that the Plaintiff wanted to see and meet with his client.

3

13. Sgt. Winterson advised the Plaintiff that the New Bedford Police Department had no place where the Plaintiff could meet with his client, that it was security risk, and that the Plaintiff's request to meet with his client was denied; and then Sgt. Winterson abruptly ended the conversation, and left.

14. Immediately thereafter, the Plaintiff approached the desk officer, Ned K. LeDuc, and asked to speak with the commanding officer, Lt. Richard Netinho, a former police prosecutor.

15. Officer LeDuc stated he would try and locate Lt. Netinho for the Plaintiff to talk to him, and for the Plaintiff to wait.

16. After receiving this information, the Plaintiff waited by the front doors of the Police Station with the family members of Steven Furtado.

17. At approximately 1:27 P.M., while the Plaintiff was waiting in the Police Station public reception area, the Plaintiff received a second cell phone call from Steven Furtado stating that the New Bedford Police were still wanting him to sign a document, and were still asking him questions that he did not want to answer without the Plaintiff being present.

18. After that second cell phone call, the Plaintiff asked LeDuc if Lt. Netinho was on his way in.

19. LeDuc said that he had just spoken with Lt. Netinho, and that he in fact was on his way in, and he will see the Plaintiff.

20. At that point a female policeman, Officer C. Sampson, said to the Plaintiff, "Who do you think you are? Why don't you go stand in the fucking corner!"

4

21. The Plaintiff then looked at Officer C. Sampson and asked, "What did you say?"

22. Officer C. Sampson then said to the Plaintiff, "You heard me, go stand in the fucking corner!"

23. The Plaintiff then replied to Officer C. Sampson, "I ain't standing in no freakin' corner for nobody!"

24. Immediately after this exchange, Officer LeDuc got up from his desk, walked around a petition and went through two doors and into the public reception area, and told the Plaintiff, "Leave now or you will be arrested."

25. The Plaintiff responded, "Look, I hope you don't do that, because I don't want to get arrested; but I can't leave if you guys are still asking my client questions and wanting him to sign some kind of document. Why don't you just tell me what questions you want to ask, and what document you want signed?"

26. LeDuc did not respond, but instead arrested the Plaintiff; who was charged at New Bedford District Court with trespassing.

27. The Plaintiff, after being placed under arrest, underwent the booking process, was held locked up in custody, was then transported in restraints to the New Bedford District Court, in the paddy wagon with another detainee, placed in a holding cell downstairs in the New Bedford District Court, and then brought into the arraignment dock, where he was eventually arraigned and released on personal recognizance.

28. On July 10, 2001, the Commonwealth moved to dismiss the charge and same was allowed by the New Bedford District Court.

5

## CAUSES OF ACTION

29. The City of New Bedford is the public employer of the public employees, Ned K. LeDuc, Lt. Richard Netinho, Sgt. Winterson, and Officer C. Sampson.

30. LeDuc knew or should have known at the time that he arrested the Plaintiff that LeDuc did not own the premises, was not in charge of the premises, that he did not have all the elements of the crime of trespassing, and that the Plaintiff was not trespassing before or at the time of the arrest.

31. LeDuc had no authority under law, or as a matter of right, to arrest the Plaintiff.

32. The arrest of the Plaintiff by LeDuc was a wrongful act, and not a discretionary act on the part of LeDuc.

33. During the ensuing time between October 6, 2000 and the dismissal of July 10, 2001, the New Bedford Police did not charge the Plaintiff with any other crimes.

34. The City of New Bedford, as the public employer, is responsible for the negligent or wrongful act of its public employees, and for the damages that flow therefrom.

35. On or about September 18, 2001, the Plaintiff served his Notice of Presentment upon the public employer, the City of New Bedford, as required under M.C.L. c. 258, § 4; however, the City of New Bedford has failed to offer any relief whatsoever to the Plaintiff.

36. The act of the Defendant, LeDuc, although negligent or wrongful, also amount to unlawful arrest, unlawful

6

imprisonment, assault and battery, interference with contractual relations and violations of the Plaintiff's civil rights, in particular his liberty interest.

37. LeDuc had no lawful authority to arrest the Plaintiff, but did so under color of law in violation of Title 42 U.S.C. § 1983.

38. The wrongful and unlawful actions of LeDuc have caused injuries and damages to the Plaintiff.

39. The City of New Bedford, by its Police Department, maintained a policy or custom which interfered with the Plaintiff performing his duties in the representation of his client.

40. Prior to his arrest, the Plaintiff received several cell phone calls from his client, Steven Furtado, who was already in the custody of the New Bedford Police Department.

41. Steven Furtado was in the process of exercising his right to be represented by an attorney at the time of his interrogation by New Bedford Police officers; and those officers allowed Steven Furtado to make several phone calls to the Plaintiff.

42. As the attorney for Steven Furtado, the Plaintiff attempted to meet with his client at the New Bedford Police Headquarters but was informed by Sergeant Winterson that the New Bedford Police Department had no place where the Plaintiff could meet with his client, that it was security risk, and that the Plaintiff's request to meet with his client was denied.

43. This response by Sergeant Winterson amounts to a policy or custom which violates the rights of criminal suspects to obtain Counsel prior to and at the time of police

7

interrogation; and also the right of attorneys, such as the Plaintiff, to perform his duties as an attorney at law.

44. By failing to provide any place and/or time for lawyers to meet with their clients, and by denying the Plaintiff the opportunity to meet with this client, Steven Furtado, under the reasons advanced by Sgt. Winterson, the New Bedford Police Department maintains a policy or custom in violation of Title 42 U.S.C. § 1983, which is a negligent or wrongful act, and which violates and did violate the right of the Plaintiff to perform his duties in exercising the constitutional rights of criminal suspects.

45. This Complaint is brought against the Defendant, the City of New Bedford, as a party, for the negligent or wrongful acts of its public employees in maintaining a policy or custom in violation of Title 42 U.S.C. § 1983; and also as the public employer of the public employee, the Defendant, Ned K. LeDuc, for his negligent or wrongful acts; or in the alternative, against the Defendant, Ned K. LeDuc, for his tortuous actions and conduct against the Plaintiff.

## PRAYER FOR RELIEF

As a result of the foregoing, the Plaintiff brings his causes of action against the Defendants, for their negligent and wrongful acts, under color of law, and the injuries that flow therefrom.

WHEREFORE, the Plaintiff demands that Judgment enter against the Defendants, alternatively, as follows:

A. That this Honorable Court find the public employer, City of New Bedford, liable to the Plaintiff, for their policy or custom, and on behalf of the acts of its public employees, and the damages that flow therefrom;

B. In the alternative, that this Honorable Court find the Defendant, Ned K. LeDuc, liable to the Plaintiff for his acts in committing certain torts against the Plaintiff, and in violation of the civil rights of the Plaintiff, and the damages that flow therefrom;

C. That this Honorable Court award the Plaintiff his costs, interest, and reasonable attorney fees; and,

D. That this Honorable Court grant such other and further relief as it deems necessary, just, and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES TRIABLE BY JURY.**

DONALD A. BRISSON
By his attorney,

*/s/ James R. McMahon, III*
James R. McMahon, III
BBO # 552111
Law Offices of James R. McMahon, III, PC
25 Main Street, Second Floor
Post Office Box 313
Buzzards Bay, MA 02532-0313
(508) 759-9099

Dated: October 1, 2003

9

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF THE COMMONWEALTH

BRISTOL, ss.

SUPERIOR COURT DEPARTMENT
BRISTOL DIVISION
CIVIL ACTION NUMBER:

* * * * * * * * * * * * *
DONALD A. BRISSON,
    Plaintiff

v.

CITY OF NEW BEDFORD and
NED K. LeDUC,
    Defendants

* * * * * * * * * * * * *

**PLAINTIFF'S DEMAND FOR TRIAL BY JURY**

NOW comes the Plaintiff, Donald A. Brisson, and hereby demands a trial by jury in the Bristol County Superior Court on all issues triable by jury.

DONALD A. BRISSON
By his attorney,

*/s/ James R. McMahon, III*
James R. McMahon, III
BBO # 552111
Law Offices of James R. McMahon, III, PC
25 Main Street, Second Floor
Post Office Box 313
Buzzards Bay, MA 02532-0313
(508) 759-9099

Dated: October 1, 2003

Commonwealth of Massachusetts
County of Bristol
The Superior Court

CIVIL DOCKET# BRCV2003-01115

RE: Brisson v New Bedford et al

TO: James R McMahon III, Esquire
25 Main Street, 2nd Floor
PO Box 313
Buzzards Bay, MA 02532-0313

### TRACKING ORDER - A TRACK

You are hereby notified that this case is on the average (A) track as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 01/01/2004 |
| Response to the complaint filed (also see MRCP 12) | 03/01/2004 |
| All motions under MRCP 12, 19, and 20 filed | 03/01/2004 |
| All motions under MRCP 15 filed | 12/26/2004 |
| All discovery requests and depositions completed | 11/21/2005 |
| All motions under MRCP 56 filed and heard | 01/20/2006 |
| Final pre-trial conference held and firm trial date set | 05/20/2006 |
| Case disposed | 10/02/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

Dated: 10/03/2003

Marc J. Santos,
Clerk of Courts

BY:

Mark A. Ferriera
Assistant Clerk

Location: CtRm - Main (Taunton)
Telephone: (508) 823-6588

Check website for status of case: http://ma-trialcourts.org/tcic
cvdtrack_2.wpd 361106 initdoc01 aguiarka

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
C.A. No. BRCV2003-01115

DONALD A. BRISSON, )
                Plaintiff )
)
v. )
)
CITY OF NEW BEDFORD and )
NED K. LEDUC, )
                Defendants )

## DEFENDANTS, CITY OF NEW BEDFORD AND NED K. LEDUC'S ASSENTED TO MOTION TO ENLARGE TIME

NOW COMES the Defendants, City of New Bedford and Ned K. Leduc, and moves that the time in which the Defendants shall have to file an Answer or other responsive pleading in this action be enlarged by thirty (30) days up to including December 3, 2003. This motion is assented to by Plaintiff's counsel.

ASSENTED TO:

DONALD A. BRISSON,

by its attorney,

_James R. McMahon, III_
James R. McMahon, III
B.B.O. #552111
Law Offices of James R. McMahon, III, PC
25 Main Street, Second Floor
P.O. Box 313
Buzzards Bay, MA 02532-0313
Tel. (508) 759-9099

Dated: October 15, 2003

Respectfully submitted,

CITY OF NEW BEDFORD and
NED K. LEDUC
by their attorney

_Matthew J. Thomas_
Matthew J. Thomas, City Solicitor
B.B.O. #552220
City of New Bedford Law Department
133 William Street – Room 203
New Bedford, MA 02740-6163
Tel. (508) 979-1460