UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-CV-12249DPW

FILED IN CLERK'S OFFICE
2003 DEC 16  A 11: 49
U.S. DISTRICT COURT
DISTRICT OF MASS.

DONALD A. BRISSON,

    Plaintiff

v.

CITY OF NEW BEDFORD and NED K. LeDUC,

    Defendants

ANSWER OF DEFENDANTS

## INTRODUCTION
(Parties and Jurisdiction)

1.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1.

2.    The allegations set forth in paragraph 2 concerning the "public employer" and "public employee" status of the City of New Bedford and LeDuc, respectively, comprise contentions as to matter of law not requiring a response by the defendants. To the extent that the allegations require a response, the same are admitted. The remaining allegations set forth in said paragraph are admitted.

3.    Defendant LeDuc denies the existence of a basis for suit against him in his individual capacity, and the allegations set forth in paragraph 3 concerning the "public employer" and "public employee" status of the City of New Bedford and LeDuc, respectively, comprise contentions as to matter of law not requiring a response by the defendants. To the extent that the allegations require a response, the same are admitted. The remaining allegations set forth in said paragraph are admitted.

4. The allegations set forth in Paragraph 4 comprise contentions as to matters of law not requiring a response by the defendant. To the extent a response is required, said allegations are denied.

## SUMMARY OF THE CASE

5. Denied.

6. Denied.

## FACTUAL ALLEGATIONS

7. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7.

8. The defendants admit only that Steven Furtado was taken into custody on or about October 6, 2000. The remaining allegations set forth in Paragraph 8 are denied.

9. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9.

10. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10.

11. The defendants admit that the plaintiff spoke with Defendant LeDuc, but deny the plaintiff's characterization of said conversation..

12. The defendants admit that the plaintiff spoke with Sgt. Winterson, but deny the plaintiff's characterization of said conversation.

13. The defendants deny that Sergeant Winterson "abruptly ended the conservation" with plaintiff. The remaining allegations set forth in Paragraph 13 are admitted.

14. The defendants admit that the plaintiff spoke with Defendant LeDuc, but deny the plaintiff's characterization of said conversation.

15. The defendants admit that the plaintiff spoke with Defendant LeDuc, but deny the plaintiff's characterization of said conversation.

16. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16.

17. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17.

18. The defendants admit that the plaintiff spoke with Defendant LeDuc, but deny the plaintiff's characterization of said conversation.

19. The defendants admit that the plaintiff spoke with Defendant LeDuc, but deny the plaintiff's characterization of said conversation.

20. The defendants admit that the plaintiff spoke with Officer Sampson, but deny the plaintiff's characterization of said conversation.

21. The defendants admit that the plaintiff spoke with Officer Sampson, but deny the plaintiff's characterization of said conversation.

22. The defendants admit that the plaintiff spoke with Officer Sampson, but deny the plaintiff's characterization of said conversation.

23. The defendants admit that the plaintiff spoke with Officer Sampson, but deny the plaintiff's characterization of said conversation.

24. The defendants admit that the plaintiff spoke with LeDuc, but deny the plaintiff's characterization of the conversation. Further answering, the defendants admit that the plaintiff was told to leave the public area of the police station.

25. The defendants admit that the plaintiff spoke with Defendant LeDuc, but deny the plaintiff's characterization of said conversation.

26. The defendants admit only that plaintiff was arrested by defendant LeDuc and charged with trespassing.

27. Admitted.

28. Admitted.

## CAUSES OF ACTION

29. The allegations set forth in Paragraph 29 comprise contentions as to matters of law not requiring a response by the defendants. To the extent a response is required, said allegations are admitted.

30. Denied. Further answering, the defendants state that the plaintiff was arrested based on probable cause to believe that he was committing the crime of trespass.

31. Denied.

32. Denied.

33. Admitted.

34. The allegations set forth in Paragraph 34 comprise contentions as to matters of law not requiring a response by the defendants. To the extent a response is required, the defendants deny the existence of a negligent or wrongful act by a public employee of the City of New Bedford in this action.

35. The allegations set forth in Paragraph 35 comprise contentions as to matters of law not requiring a response by the defendants. To the extent that a response is required, the defendants admit only that plaintiff, through counsel, transmitted a purported "notice of claim" on or about September 18, 2001. The remaining allegations set forth in Paragraph 35 are denied.

4

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40.

41. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41.

42. Admitted.

43. Denied.

44. Denied.

45. Denied.

## DEFENSES

### FIRST DEFENSE

The complaint should be dismissed for lack of jurisdiction

### SECOND DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

The complaint should be dismissed for improper service of process.

### FOURTH DEFENSE

The complaint should be dismissed for insufficiency of process.

## FIFTH DEFENSE

The complaint should be dismissed for failure to present the claim and to give notice in accordance with G.L. c. 258.

## SIXTH DEFENSE

Plaintiff's claims against the individual defendant are barred by G.L. c. 258, §2 under which the defendant is provided with absolute immunity.

## SEVENTH DEFENSE

Plaintiff's claims against the City are barred by G.L. c. 258, §10 under which the City is provided with absolute immunity.

## EIGHTH DEFENSE

Any injury or damages suffered by the plaintiff, to the extent actually incurred, were caused by reason of the plaintiff's own wrongful acts, reckless misconduct or negligence.

## NINETH DEFENSE

Defendant LeDuc has qualified immunity from suit.

## TENTH DEFENSE

The claims arising out of the subject matter of the transaction and occurrences alleged are barred as the defendants were carrying out law enforcement functions in good faith.

## ELEVENTH DEFENSE

The complaint fails to state a cause of action for which relief can be granted against the defendant City of New Bedford in that it states no personal involvement, specific regulation or official policy or knowledge by said defendant of the alleged wrongdoing or of any pattern of wrongful behavior.

## TWELFTH DEFENSE

The action filed by the plaintiff is frivolous, wholly insubstantial and not advanced in good faith, and defendant is entitled to recovery of all costs, expenses and attorney's fees associated with the defense of this action.

## JURY CLAIM

The defendants respectfully demand a trial by jury.

DEFENDANTS CITY OF NEW BEDFORD
And NED K. LeDUC,

By their attorneys,

*[signature]*
Joseph L. Tehan, Jr. (BBO # 494020)
Gregg J. Corbo (BBO# 641459)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

20502760700/0499

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand on __12/15/03__

*[signature]*