UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO 03-CV-12249-DPW

| | |
|---|---|
| DONALD A. BRISSON,<br><br>    Plaintiff<br><br>v.<br><br>CITY OF NEW BEDFORD and NED K. LEDUC,<br><br>    Defendants | MEMORANDUM OF LAW<br>IN SUPPORT OF DEFENDANT<br>CITY OF NEW BEDFORD'S<br>MOTION FOR SUMMARY JUDGMENT |

I. INTRODUCTION

The defendant, City of New Bedford, has moved for summary judgment in this case arising out of New Bedford Police Sergeant Kristofer Winterson's decision not to allow the plaintiff, a licensed attorney, to enter the booking area of the police station to meet with his client who was being detained on a warrant from the Navy. The plaintiff asserts that, based on this single decision of Sgt. Winterson, the City is liable pursuant to 42 U.S.C. §1983 based on an alleged policy or custom that "violates the rights of criminal suspects to obtain counsel prior to and at the time of police interrogation; and also the rights of attorneys, such as the Plaintiff, to perform his duties as an attorney at law." Complaint, ¶43[1]. The plaintiff also asserts a negligence claim.

As will be described in detail in this Memorandum, the plaintiff's liberty interest and right to counsel arguments were clearly disposed of by the United States Supreme Court in Conn

---

[1] After being denied entry to the booking area, the plaintiff refused to leave the station after being asked to do so by Officer Ned LeDuc, and was arrested for trespass pursuant to G.L. c. 266, §120. The plaintiff's claims against the City, however, appear to be based solely upon the decision of Sgt. Winterson, and the plaintiff does not allege that the City maintained a custom or policy with respect to false arrest. Accordingly, the claims against Office LeDuc are addressed in a separate Motion and Memorandum filed contemporaneously herewith.

v. Gabbert, 526 U.S. 286 (1999).  Therefore, for the following reason, the City is entitled to summary judgment as a matter of law.

II.     FACTS

The facts underlying this case are set forth in the Defendants' Joint Statement of Material Facts Not in Dispute Pursuant to L.R. 56.1, filed herewith.

III.    ARGUMENT

A.      Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter law." Fed.R.Civ.P. 56(c).  In order to defeat a summary judgment motion, "the non-moving party must demonstrate the existence of a genuine issue of material fact pertaining to those issues on which it would bear the burden of proof at trial." Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1171 (1st Cir. 1988).  Under Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1987), summary judgment is appropriate where the non-moving has the burden of proof and "fails to make a showing sufficient to establish the existence of an element essential to that party's case."

The plaintiff asserts that the City is liable pursuant to 42 U.S.C. §1983 based on an alleged policy or custom that "violates the rights of criminal suspects to obtain counsel prior to and at the time of police interrogation; and also the rights of attorneys, such as the Plaintiff, to perform his duties as an attorney at law." Complaint, ¶43.  As will be described in detail below, the undisputed facts do not support the plaintiff's claims in this regard, and the City is entitled to summary judgment as a matter of law.

2

> B. The City is Entitled to Summary Judgment Because the Decision not to Allow the Plaintiff to Enter the Booking Area did not Result in any Constitutional Deprivation

Both of the plaintiff's arguments with respect to the refusal to allow a face-to-face attorney/client meeting were rejected by the United States Supreme Court in Conn v. Gabbert, 526 U.S. 286 (1999). In Conn, the plaintiff was an attorney retained to represent a witness as she testified before a grand jury. While the client was testifying, the prosecutor directed police to secure a warrant to search the attorney's office. The attorney then brought a civil rights action pursuant to 42 U.S.C. §1983 claiming that the search violated the attorney's Fourteenth Amendment right to practice his profession, and his client's right to have him present outside the grand jury room while she was testifying. With respect to the client's right to counsel, while the Court observed that the client did not have a right to counsel at that juncture, it held that it need not reach that issue because the plaintiff lacked standing to assert the constitutional rights of his client. Conn, 526 U.S. at 292-293. Here, as in Conn, an attorney is attempting to assert the rights of a client, Mr. Furtado. Mr. Furtado has not joined this suit as a party, the plaintiff has not asked for his participation, and Mr. Furtado has not consented to the release of information subject to attorney/client privilege (Statement of Facts, ¶ 39). If Mr. Furtado's rights were violated by the alleged custom and policy of the City (which the defendants contend they were not[2]), then only he has standing to bring the claim.

---

[2] It is undisputed that Mr. Furtado was not substantively interrogated during his time with the New Bedford Police. Rather, Mr. Furtado was asked only routine booking questions (Statement of Facts, ¶¶ 24-25, 33), which do not implicate either the Fifth Amendment Right against self incrimination, United States v. Shea, 150 F.3d 44, 48 (1st Cir. 1998), or the Sixth Amendment right to counsel. Roberts v. State of Maine, 48 F.3d 1287, 1290 (1st Cir. 1995). Moreover, Mr. Furtado was aware that his attorney was present, was given an opportunity to consult with that attorney by telephone, and followed the attorneys' advice by not signing anything for the police (Statement of Facts, ¶¶ 12, 29, 33). Therefore, the decision not to allow plaintiff's entry into the booking area did not infringe upon Mr. Furtado's rights.

With respect to the attorney's claim for violation of his alleged liberty interest in the practice of law, the Court recognized that "[i]n a line of earlier cases, this Court has indicated that the liberty component of the Fourteenth Amendment's Due Process Clause includes some generalized right to choose one's field of private employment, but a right which is nevertheless subject to reasonable governmental regulation. Conn, 526 U.S. at 291-292. The Court, however, found that those cases all involved a complete prohibition on the right to practice a profession, and "not the sort of brief interruption which occurred here." Conn, 526 U.S. at 292. Accordingly, the Court held that the right to practice a profession "is simply not infringed by the inevitable interruptions of our daily routine as a result of legal process, which all of us experience from time to time . . . [and] the Fourteenth Amendment right to practice one's calling is not violated by [police activity] whether calculated to annoy or even prevent consultation with a [client]." Conn, 526 U.S. at 292.

Likewise, in this case, no policy or custom of the City prohibited the plaintiff from conducting the profession of law. Rather, the actions of Sgt. Winterson in refusing the plaintiff's request for entry into the booking area merely resulted in, at most, a temporary interruption of his practice. Sgt. Winterson made the decision to refuse entry to Attorney Brisson based on the circumstances known to him at that time. Specifically, Sgt. Winterson decided that there was no need to allow a conference between Attorney Brisson and Mr. Furtado because Mr. Furtado was not being substantively interrogated and because Sgt. Winterson believed that Furtado and Brisson had had an opportunity to speak prior to Furtado's being taken into custody (Statement of Facts, ¶ 23). Furthermore, Sgt. Winterson was aware of no designated area within the Police Station for attorney/client conferences, and he did not believe that the booking area of the Police Station was an appropriate location for an attorney/client meeting, particularly in light of

4

Attorney Brisson's demeanor, i.e. he was a security risk (Statement of Facts, ¶ 23). Mr. Brisson had no right to enter the police station merely because he was acting in his capacity as an attorney, and the Supreme Court's decision in Conn v. Gabbert, is dispositive of his claims in this regard. Therefore, the City is entitled to summary judgment as a matter of law.

    C.    The City is Entitled to Summary Judgment Because the Plaintiff Failed To Ascribe Improper Conduct To A Municipal Policymaker

Even if the plaintiff can establish the violation of a constitutional right, to prevail on a "claim of municipal liability under 42 U.S.C. § 1983, [he must] establish both that (1) there existed a municipal custom or policy of deliberate indifference to the commission of constitutional violations by police officers; and (2) this custom or policy was the cause of, and moving force behind, the particular constitutional deprivation of which he [is] complaining." Foley v. City of Lowell, 948 F.2d 10, 14 (1st Cir. 1991). Additionally, it is plaintiff's burden to prove the existence of a policy of unconstitutional conduct by police officers, "which policy can be attributed to a municipal policymaker." Oklahoma City v. Tuttle, 471 U.S. 808, 824 (1985) (emphasis added).

In order to establish a municipal policy, the plaintiff has the burden of proving that the alleged deprivation resulted from the decisions of its duly constituted legislative body; or from the decisions "of those officials whose acts may be fairly said to be those of the municipality." Silva v. Worden, 130 F.3d 26, 31 (1st Cir. 1997). With respect to the latter, "municipal liability only attaches where the decisionmaker possesses *final authority* to establish municipal policy with respect to the action ordered." Silva, 130 F.3d at 31 (emphasis in original); quoting Pembaur v. Cincinnati, 475 U.S. 469, 481 (1986). A mere showing of discretion to make a particular decision (i.e. whether to allow an attorney/client meeting) is not sufficient to constitute a showing of a "final government policy" that supports municipal liability. Lynch v. City of

5

Boston, 989 F.Supp 275, 284 (D.Mass. 1997).  Whether an individual has final policymaking authority is a question of state law, and may be established by showing that the policymaking authority was "granted directly by a legislative enactment or . . . by an official who possesses such authority . . . ."  City of St. Louis v. Praprotnik, 485 U.S. 112, 123-124 (1988).

The plaintiff claims that the Sgt. Winterson has final policymaking authority with respect to who is permitted to enter the City of New Bedford Police Station.  Complaint, ¶43.  This claim, however, is not supported by fact or law.  Sgt. Winterson's decision was made within the context of a specific factual situation, and he did not have final decisionmaking authority with respect to who is permitted to enter the police station (Statement of Facts, ¶ 22).  To the contrary, this Court has previously held that the New Bedford City Council and the Mayor of New Bedford are the final policymakers for the New Bedford Police Department.  Gonsalves v. City of New Bedford, 939 F.Supp. 915, 917 (D.Mass. 1996).  Consistent with that authority, the New Bedford City Council, with the approval of the Mayor, has enacted Rules and Regulations of the New Bedford Police Department.  Pursuant to Section 202.2.17, the Council and the Mayor delegated to the Chief of Police the authority to "ensure that all property and facilities of the Department are properly utilized and maintained." (Statement of Facts, ¶ 21).  Neither the Chief, the Mayor nor the City Council, however, have enacted a specific policy regarding attorney/client meetings.

Based on the foregoing, it is clear that Sgt. Winterson does not have final policymaking authority with respect to entry into the Station, and the plaintiff has produced no evidence to the contrary.  Indeed, the plaintiff has acknowledged that he tried to contact Sgt. Winterson's superior in order to obtain a different result (Statement of Facts, ¶ 28).  Sgt. Winterson was merely making a single decision based on the facts and circumstances known to him at the time

6

(Statement of Facts, ¶ 22), and the fact that he had discretion in this regard does not make him a policymaker for purposes of Section 1983 liability. See Silva, 130 F.3d at 31 (defendant's discretion to exclude the plaintiff from City parking yard did not make him a policymaker where the City Code vested custody of the yard to the commissioner of public works, under the direction of the Mayor and City Counsel). Therefore, as the plaintiff has failed to prove that the actions of a municipal policymaker caused the alleged constitutional deprivation, the City is entitled to summary judgment as a matter of law.

   D. The City is Entitled to Summary Judgment Because the Plaintiff Failed to Identify an Unconstitutional Custom or Policy

The City is also entitled to summary judgment because the plaintiff has failed to identify an unconstitutional custom or policy. The term "official policy" refers to formal rules or understandings--often but not always committed to writing--that are intended to, and do, establish fixed plans of action to be followed under similar circumstances consistently and over time. Pembaur v. City of Cincinnati, 475 U.S. 469, 4801-481 (1986). In this matter, the City of New Bedford Police Department does not maintain any formal rules with respect to attorney/client meetings at the Station, and as previously discussed, the decision of Sgt. Winterson did not establish an official policy.

The plaintiff may also succeed on a municipal liability claim by demonstrating the existence of a pattern of unconstitutional conduct by New Bedford police officers that is "so well-settled and widespread that the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet [do] nothing to end the practice." Bordanaro, 871 F.Supp. at 1156. As noted above, Celotex requires that summary judgment be granted if plaintiff, after discovery, "fails to make a showing sufficient to establish the existence of an element essential to" his case. 477 U.S. at 323. In this instance, after extensive discovery,

7

the plaintiff has failed to adduce one scintilla of evidence demonstrating a wide-spread practice of unconstitutional conduct by New Bedford Police Officers, and has produced no evidence of a widespread custom of interference with attorney/client meetings.

According to Sgt. Winterson, despite being involved in the booking process for over seventeen years, Sgt. Winterson had never had to respond to a request by an attorney to see a client during the booking process (Statement of Facts, ¶ 20).  Indeed, the only evidence of such a request was the plaintiff's.  Such a single instance of alleged misconduct is not sufficient to establish a municipal custom. Fabiano v. Hopkins, 352 F.3d 447, 452 (1st Cir. 2003).  Therefore, in the absence of any evidence of prior misconduct of the type alleged by the plaintiff by any New Bedford Police Officers, the City is entitled to summary judgment as a matter of law.  See e.g. Young v. City of Providence, 301 F.Supp.2d 163, 177-178 (D.R.I. 2004) (City and supervisors entitled to summary judgment where there was no evidence of any prior misconduct of the type alleged); Febus-Rodriguez v. Betancourt-Lebron, 14 F.3d 87, 94 (1st Cir. 1994) (five prior complaints against officer insufficient to establish deliberate indiffierence).

> E. Defendant City of New Bedford is Entitled to Summary Judgment as a Matter of Law as to Plaintiff's State Law Tort Claim

The plaintiff claims that the City is vicariously liable for the alleged negligence of LeDuc.  Complaint, ¶ 34. Although this claim arises solely out of state law, this Court should exercise supplemental jurisdiction since it derives from a common nucleus of fact and do not raise any novel or complex issues of state law. Vera-Lozano v. International Broadcasting, 50 F.3d 67, 70 (1st Cir. 1993); United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130 (1966).

With respect to the negligence claim, this Court should "look not to the theory upon which the plaintiff elects to proceed, but rather to the substance of the claim which he asserts,"

and dismiss plaintiff's claims.  Schenker v. Binns, 18 Mass.App.Ct. 404, 406-407, 466 N.E.2d 131 (1984).  In this matter, plaintiff alleges only false arrest by Officer LeDuc.  Thus, where the "true focus" of the claim is one for which immunity would be available, the plaintiff cannot defeat the assertion of immunity merely by casting the claim under a different name.  See Foster v. McGrail, 844 F.Supp. 16, 25 (D.Mass. 1994) (Keeton, J.) (rejecting plaintiff's claim for battery where facts established only negligent, not intentional, conduct); Schenker, 18 Mass.App.Ct. at 406-407, 466 N.E.2d 131 (same).  In this matter, the plaintiff claims that the City should be vicariously liable for LeDuc's alleged negligence in arresting him, and the plaintiff has not alleged that LeDuc's superiors negligently supervised him. Compare Dobos v. Driscoll, 404 Mass. 634, 653, 537 N.E.2d 558, 569 (1989).  Pursuant to G.L. c. 258, s. 10(c), the City is expressly immune from liability for claims arising out of false arrest.  Therefore, by application of the true focus test, the City is immune from liability for LeDuc's alleged negligence in this case.

IV.     CONCLUSION

For the foregoing reasons the defendants' Motion for Summary Judgment should be allowed as to all claims set forth in the Complaint.

>                               DEFENDANT
>                               CITY OF NEW BEDFORD,
>
>                               By its attorneys,
>
>                               s/ Gregg J. Corbo
>                               _____
>                               Joseph L. Tehan, Jr. (BBO# 494020)
>                               Gregg J. Corbo (BBO# 641459)
>                               Kopelman and Paige, P.C.
>                               31 St. James Avenue
>                               Boston, MA 02116
>                               (617) 556-0007

245112/60700/0499