UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO 03-CV-12249-DPW

| | |
|---|---|
| DONALD A. BRISSON,<br><br>    Plaintiff<br><br>v.<br><br>CITY OF NEW BEDFORD and NED K.<br>LEDUC,<br><br>    Defendants | AFFIDAVIT OF KRISTOFER WINTERSON |

I, Kristofer Winterson, do hereby depose and state as follows based on my own personal knowledge:

1. I am a Sergeant with the City of New Bedford Police Department (the "Department"). I have been an officer with the Department since January 2, 1983 and I was promoted to the rank of Sergeant in February 2000.

2. On October 6, 2000, I was the Booking Supervisor and the Communications Supervisor for that shift. As the Booking Supervisor I was responsible for overseeing the booking process for each arrestee by making sure that the charges match the offense, that the paper work is complete and that arrestee is prepared for transport.

3. As the Booking Supervisor, I was aware that Stephen Furtado was being booked after being taken into custody at the request of the United States Navy. There was no substantive interrogation of Mr. Furtado, nor was I aware of any reason for such an interrogation.

4. I was also aware that Mr. Furtado had been taken into custody at the New Bedford District Court and that Attorney Brisson was present at that time.

5.    At approximately 1:30 p.m., I was called by Officer Ned LeDuc to come to the front desk. Upon arrival, Attorney Brisson immediately confronted me, demanding to see his client in an irate and excited manner. Indeed, he was ranting and raving.

6.    Despite being involved in the booking process for over seventeen years, I had never had to respond to a request by an attorney to see a client during the booking process, and I was not aware of any formal written policy of the Department addressing this issue. In the absence of a formal policy, I exercised my discretion under the circumstances of which I was aware. In so doing, I did not view myself as establishing a general or overarching policy of the Department on the admission of attorneys, nor did I possess the authority to enact such a policy.

7.    I made the decision to refuse entry to Attorney Brisson based on the circumstances known to me at that time. Specifically, I decided that there was no need to allow a conference between Attorney Brisson and Mr. Furtado because Mr. Furtado was not being substantively interrogated and because I believed that Furtado and Brisson had had an opportunity to speak prior to Furtado's being taken into custody. Furthermore, I was aware of no designated area within the Police Station for attorney/client conferences, and I did not believe that the booking area of the Police Station was an appropriate location for an attorney/client meeting, particularly in light of Attorney Brisson's demeanor.

8.    Mr. Furtado was not substantively interrogated. Mr. Furtado was asked to answer routine booking questions to complete the intake information form. A true and accurate copy of Mr. Furtado's intake information is attached hereto as "Exhibit 1." As shown on Exhibit 1, Mr. Furtado was asked to supply background information solely for identification purposes.

9.    Mr. Furtado was also asked to sign a City of New Bedford Police Department Suicide Questionnaire and Record Checks form. A true and accurate copy of Mr. Furtado's Record

Checks form is attached hereto as "Exhibit 2." As shown on Exhibit 2, Mr. Furtado refused to sign the form without his attorney being present.

10.    At all times during this incident, I was acting good faith in the performance of my duties as a police officer for the City of New Bedford. As I had never met Mr. Brisson or his client, I harbored no animus or ill will towards them, and had nothing to gain by preventing them from meeting.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS ___ DAY OF FEBRUARY, 2005.

Kristofer Winterson
Sergeant
City of New Bedford Police Department

244109 60700/0499

3

NEW BEDFORD POLICE DEPARTMENT

ARREST/WARRANT Number: 00-19571    DISP: 0201   MILITARY DESERTION
Adult or Juvenile: ADULT                                              Cell #
Bailed/Held/Transf:                                     NO. of Charges: 01
-----------------------------------------------------------------------
ARREST BOOKING INFORMATION

Date of Application/Arrest: 10/06/00              Date of Offense: 10/06/00
Location of Offense: 3RD DIST CT 75 N SIXTH ST NB   Time of Arrest: 12:45
-----------------------------------------------------------------------
Arresting Officer: 3527 CONLEY JR, THOMAS J    DIV. # DETECTIVE
-----------------------------------------------------------------------
COMPLAINANT INFORMATION

Name:  NEW BEDFORD POLICE DEPARTMENT    Telephone: 508 991-6300

Other than NBPD: _____
-----------------------------------------------------------------------
DEFENDANT INFORMATION
NBPD MNI# 171647
First: STEVEN          Middle:            Last: FURTADO
Street Address: 115 GRINELL ST      APT/Floor: 2ND FL
City: NEW BEDFORD       State: MA Zip: 02740     Telephone: 509-997-4241
Alias:                                    OCC: SECURITY
Date of Birth: 03/01/78  Age: 22  Place of Birth: MASSACHUSETTS
Social Security #: 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  Sex: MALE    Race: WHITE
Height: 509    Weight: 165    Eyes: BROWN    Hair Color: BROWN
Mother's Maiden Name:
Father's Name: MANUEL FURTADO
Employer/School: RELIABLE SECURITY
-----------------------------------------------------------------------
OFFENSES

| OFFENSE NO. | DATE | CODE | G.L. CH | SECT | CHARGE |
|-------------|------|------|---------|------|--------|
| Offense #1  | 10/06/00 |  |  |  | DESERTION FROM US NAVY |
| Offense #2  |  |  |  |  |  |
| Offense #3  |  |  |  |  | _Held for U.S. Navy_ |
| Offense #4  |  |  |  |  | _Pickup per. Sgt Conley_ |
| Offense #5  |  |  |  |  | _3rd Dist. Ct._ |
| Offense #6  |  |  |  |  |  |
| Offense #7  |  |  |  |  |  |
| Offense #8  |  |  |  |  |  |

-----------------------------------------------------------------------
Copy 1: Probation Office ...... FAXED COPY   Date: _____   Time: _____

Copy 2: Return to NBPD with JAIL STAFF Signature: _____
Copy 3: JAIL Copy: Forward to Court Prosecutor Upon Bail or Transfer to Court

JENKINS HEARING by:_____   Date: _____   Time: _____

# NEW BEDFORD POLICE DEPARTMENT
## SUICIDE QUESTIONAIRE & RECORD CHECKS

Arrest Booking Number: 00-19571          Date of Arrest: 10/06/00
Disposition: MILITARY DESERTION          Transf.COURT/JAIL:
NBPD MNI#: 171647  Date of Birth: 03/01/78  Social Security: 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
First Name: STEVEN       Middle:        Last: FURTADO
Address: 115 GRINELL ST       City: NEW BEDFORD      State: MA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Date Questioned: _10/6/00_                    Time Questioned: _1:25 pm_

Are you presently taking any medications?     YES  [  ]    NO  [X]

  If YES, What type? _____

Are you under psychiatric care at this time?  YES  [  ]    NO  [X]

  If YES, Where? _____ Doctor: _____

Have you every previously attempted suicide?  YES  [  ]    NO  [X]

  If YES, What Happened? How?: _____

Are you contemplating suicide now?:           YES  [  ]    NO  [X]

  If YES, How?: _____

        Where?: _____

        When?: _____

                                        _X Refused._
                                        _____
                                         (Detainee's Signature)
Advised of Rights? YES [X]              _ofc. _____
Used Phone? YES [X] NO [ ]               (Questioning Officer's Signature)
Unable to Communicate with Detainee: [X] Reason: _Refused to sign w/o_
_atty present._
                                        _____
                                         (Commanding Officer's Signature)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

If Needed, CRISIS CENTER Notified:      YES  [  ]    NO  [  ]

Result or Response: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## RECORD CHECKS

LOCAL & NBPD COMPUTER SYSTEM: _NEG_

Warrant Management System WMS: _NEG_

Q1 NCIC: _NEG_ .

Q5 SUICIDE CHECK RESULTS:  Positive Q5 SUICIDAL: [ ]    Negative [X]

Record Checks Done By: _W. Gravell._

Attach Completed Form to ARREST BOOKING INFORMATION Form COPY 3 for COURT/JAIL

# City of New Bedford
# Department of Police

## POLICY & PROCEDURES
## MANUAL



Date Issued_____
A TRUE COPY ATTEST

*Rita D. Arruda*
CITY CLERK - NEW BEDFORD, MA

Carl K. Moniz, Chief of Police

RULES AND REGULATIONS MANUAL


OF THE


NEW BEDFORD POLICE DEPARTMENT

CITY OF NEW BEDFORD

IN CITY COUNCIL

January 11, 1973

Ordered, That the RULES AND REGULATIONS MANUAL OF THE NEW BEDFORD POLICE DEPARTMENT, submitted to the City Council for consideration and approval on November 9, 19712 be, and the same hereby are, approved and accepted.

IN CITY COUNCIL, January 11, 1973

Adopted                                             Ellen M. Gaughan,
City Clerk

Presented to the Mayor for Approval January 15, 1973

                                                    Ellen   M.   Gaughan,
City Clerk

Approved January 15, 1973                           John A. Markey,
Mayor

A true copy attest:

                                                    Ellen M Gaughan
                                                    City Clerk

202.2.17  The Chief of Police shall ensure that all property and facilities of the Department are properly utilized and maintained.

202.2.18  The Chief of Police, shall review the operation of the rules, regulations, policy, and procedures within the Department periodically and shall cause revision, deletions, and additions to occur when warranted.

202.2.19  The Chief of Police shall ensure that a weekly report containing pertinent information gathered from each division and bureau is prepared and distributed to members during roll call or through other means.

202.2.20  The Chief of Police shall report to the City Solicitor and appropriate city department any damage to city property and all injuries to persons and property alleged to be caused by defects, obstructions or want of repair on any city street or property.

202.2.21  The Chief of Police shall meet periodically with his commanding officers to acquaint them with new decisions or policy and provide for an interchange of ideas and comments for the improvement of the department.

202.2.22  The Chief shall have the authority to set or change the time for roll calls, the hours assigned to each shift, or the hours any member or employee shall work for the safety of the public and protection of property except as limited or modified by the Mayor and City Council.

202.2.23  The Chief of Police may grant leaves of absence without pay for up to two weeks as long as the Mayor is notified of such action.

202.2.24  The Chief of Police may cause any person who is injured on duty to be examined by the city physician or any impartial physician so designated by the Chief.  The report of the physician shall indicate a period of time that the person may be expected to be absent from duty and at the end of such time the Chief may cause another examination to occur should that person not have returned to duty.


## 203 DEPUTY CHIEF

A Deputy Chief, even though he may have specific assignments within the Department, shall assist the Chief of Police in the performance of his duties and responsibilities by performing certain administrative and executive functions as designated by the Chief.

203.1 Authority

A Deputy Chief by rank or in the case of more than one Deputy Chief, by ranking seniority shall be the second in command of the Police Department and in the absence of the Chief, unless otherwise designated, shall assume the duties and responsibilities of the Chief.