UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO 03-CV-12249-DPW

DONALD A. BRISSON,

    Plaintiff

v.

CITY OF NEW BEDFORD and NED K.
LEDUC,

    Defendants

AFFIDAVIT OF NED LEDUC

I, Ned K. LeDuc, do hereby depose and state as follows based on my own personal knowledge:

1.    On October 6, 2000, I was a Police Officer with the City of New Bedford Police Department (the "Department"). At the time of the incident giving rise to this complaint, I was an officer with the Department. I am currently retired.

2.    At approximately 1:30 p.m. on that date, I was on duty at the front desk of the police station at 871 Rockdale Avenue, New Bedford, Massachusetts (the "Station"). I was sitting at a desk adjacent to the entry area of the station, My position was separated from the entry area by a wall and a plexiglass window. At that time I was involved in an incident with the plaintiff, and, as a result of my involvement I authored two reports, true and accurate copies of which are attached hereto as Exhibits 1 and 2.

3.    As the desk officer, I was responsible for checking visitors into the station. Visitors were not permitted in any area beyond the entry area without approval from an officer of the Department. The entry area is separated from the remainder of the Station by a locked door. In my capacity as desk officer, if an individual wished to enter the Station, I would inquire as to the

purpose of their visit and contact the appropriate officer. I did not decide whether or not a particular visitor would be permitted to enter any other area of the Station.

4.    At approximately 1:30 p.m., Donald Brisson entered the entry area of the Station and approached my window. I did not know Mr. Brisson until he identified himself to me. I had never met or spoke with Mr. Brisson prior to that time.

5.    Upon entering the building, Mr. Brisson asked to speak with his client, whom he claimed was arrested by the New Bedford Police. I did not know who Mr. Brisson's client was or why he was at the police station. I was not involved in the arrest or booking of Mr. Brisson's client.

6.    In response to Mr. Brisson's inquiry, I contacted the sergeant in charge of booking, Sgt. Kristofer Winterson. At that time, there were numerous other civilians in the entry area of the Station and other officers working in my area.

7.    Sgt. Winterson met with Mr. Brisson, and I overheard him tell Mr. Brisson that he could not meet with his client. Mr. Brisson raised his voice at Sgt. Winterson several times.

8.    After meeting with Sgt. Winterson, Mr. Brisson, in a raised voice, continued to ask me if he could meet with his client. Mr. Brisson was loud, abusive and yelling, and I could not conduct official police business with Mr. Brisson behaving in that manner. Specifically, Mr. Brisson's disruptive behavior prevented me from addressing the needs of the other civilians in the entry area at the time, from completing paper work and from answering the phones.

9.    Mr. Brisson persisted and refused to back away from the glass after being asked to do so by Officer Claudia Sampson. At that point, I entered the entry area and told Mr. Brisson to leave the Station or he would be arrested for trespass. Mr. Brisson refused and I again told him to leave or he would be arrested.

2

FAX 6176541735

KOPELMAN AND PAIGE PC

☑009

10.     Mr. Brisson again refused to leave and I placed him under arrest through verbal order. I did not use any force in arresting Mr. Brisson and did not handcuff him.

11.     At all times during this incident, I was acting good faith in the performance of my duties as a police officer for the City of New Bedford. As I had never met Mr. Brisson or his client, who I later learned was identified as Steven Furtado, I harbored no animus or ill will towards them, and had nothing to gain by preventing them from meeting.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 25 DAY OF FEBRUARY, 2005.


Ned K LeDuc
City of New Bedford Police Department
(Retired)

244297/60700/0499

3