UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

CIVIL ACTION NUMBER: 03-CV-12249-DPW

```
* * * * * * * * * * * * *
DONALD A. BRISSON,          *
              Plaintiff     *
v.                          *
                            *
CITY OF NEW BEDFORD and     *
NED K. LeDUC,               *
              Defendants    *
* * * * * * * * * * * * *
```

**PLAINTIFF'S SUPPORTING BRIEF**

## ISSUES

I. WHETHER NED K. LeDUC HAD ANY AUTHORITY TO MAKE THIS WARRANTLESS ARREST OF THE PLAINTIFF FOR A MISDEMEANOR.

II. WHETHER THE CITY OF NEW BEDFORD ENGAGED IN A POLICY OR CUSTOM WHICH DEPRIVES CITIZENS OF CONSTITUTIONALLY PROTECTED RIGHTS.

## STATEMENT OF THE FACTS

The Plaintiff, Donald A. Bissson, is a practicing attorney, licensed by the Commonwealth of Massachusetts. On October 6, 2000, he was at the New Bedford Police Station to conference with his client, Steven Furtado, who was in police custody and being interrogated by the police.

On October 6, 2000, the Plaintiff was arrested by a New Bedford Police Officer, Ned K. LeDuc, and charged with a violation of G.L. 266, § 120, a misdemeanor. There was no warrant for this arrest, and indeed the police never applied for one. This misdemeanor is alleged to have occurred in the presence of the officer, but did not amount to a breach of the peace. Further, the

arresting Officer, Ned K. LeDuc, was not the person in charge or control of the subject premises at the time of this arrest. There is no other statutory authority permitting the police to arrest Mr. Brisson for this misdemeanor.

On October 6, 2000, the New Bedford Police, through Sgt. Kristfer Winterson, informed the Plaintiff that there was no place were the Plaintiff could meet with his client who was being interrogated by the Police, and that it was a security risk for the Plaintiff to meet with his client, and consequently the Plaintiff's "request" to see his client was "denied"; even though the client was calling the Plaintiff on his cell phone.

It is clear that some New Bedford Police officers were permitting the Plaintiff's client to call the Plaintiff while other Officers, Winterson and LeDuc, were preventing the Plaintiff from meeting with his client.

The I.A.D. Statements and Affidavits by New Bedford Police Officers clearly indicate a custom or usage which amount to a policy of prohibiting attorneys at law from meeting with their clients, who have been arrested and are being held by the New Bedford Police Department. This is so even while that same Police Department is permitting the arrested clients to exercise their rights to use the telephone to contact their attorneys in order to arrange an attorney/client conference at the New Bedford Police Station.

It is clear from the statements of Police Officers that from October 6, 2000 through at least July 2, 2003 and perhaps even

2

through February 2005, that this policy continues to exist within the New Bedford Police Department.

## STATEMENT OF THE PROCEDURE

The Plaintiff was arrested and charged with a misdemeanor on October 6, 2000. The Criminal Complaint was dismissed against the Plaintiff on July 10, 2001. The Plaintiff duly served his Notice of Presentment to the public employer as required under G.L. c. 258, § 4. The Defendants' failed to respond to same.

In October of 2003, the Plaintiff filed his action against the City of New Bedford and Ned K. LeDuc under G.L. c. 258, § 3, in the Bristol County Superior Court in Taunton, MA against the City of New Bedford as the public employer for the public employee, Ned K. LeDuc, for the negligent or wrongful acts of this public employee, and also against the City of New Bedford for maintaining a custom or usage (policy) in violation of Title 42, U.S.C. § 1983; and also for the intentional torts of the Defendant, Ned K. LeDuc. Upon being duly served, the Defendants removed this matter from the Superior Court to this Honorable Court.

## SUMMARY OF THE LAW

Whoever, without right enters or remains in or upon the dwelling house, buildings, boats or improved or enclosed land, wharf, or pier of another, or enters or remains in a school bus, as defined in section 1 of chapter 90, after having been forbidden so to do by the person who has lawful control of said premises, whether directly or by notice posted thereon, or in violation of a court order pursuant to ..., shall be punished by a fine of not more one hundred dollars or by imprisonment for not more than thirty days or both such fine and imprisonment. G.L. c. 266, § 120, first sentence.

3

A crime punishable by death or imprisonment in the state prison is a felony. All other crimes are misdemeanors. G.L. c. 274, § 1. A misdemeanor in Massachusetts is any crime which is not a felony. Hence, a crime which provides a maximum punishment to the House of Correction (2½ years) or a fine or both is a misdemeanor. 32 Mass.Prac. 2d Ed. (Nolan & Henry) § 83.

In regard to misdemeanors, in the absence of statutory authority, a police office can arrest only if, (1) the misdemeanor is committed in his presence and, (2) it involves a breach of the peace and, (3) is still continuing at the time of the arrest, or is only interrupted, so that the offense and the arrest form part of the same transaction. U.S. v. Watson, 423 U.S. 411 (1975); Commonwealth v. Cavanaugh, 366 Mass. 277, 317 N.E.2d 480 (1974); Commonwealth v. Conway, 2 Mass.App. 547, 316 N.E.2d 757 (1974); 30 Mass.Prac. 2nd Ed. (Smith), § 97.

## ARGUMENT

### I. LeDUC DID NOT HAVE ANY AUTHORITY EXCEPT COLOR OF LAW TO MAKE THIS WARRANTLESS ARREST OF THE PLAINTIFF FOR THIS MISDEMEANOR.

The Plaintiff was arrested on October 6, 2000 in the New Bedford Police Station by New Bedford Police officer Ned K. LeDuc, and charged with trespassing, a misdemeanor, in violation of G.L. c. 266, § 120. (See Plaintiff's Exhibit "A".) There was no breach of the peace.

G.L. c. 266, § 120 is clearly a misdemeanor within the definition of misdemeanors, in that the statute provides for a fine or House of Correction sentence (thirty days) only. (See Plaintiff's Exhibit "B".) From the facts in this case, Mr. Brisson was clearly arrested for a misdemeanor.

In regards to misdemeanors, in the absence of statutory authority, a police officer can arrest only if, (1) the misdemeanor is committed in his presence and, (2) it involves a breach of the

4

peace, and (3) is still continuing at the time of the arrest, or is only interrupted, so that the offense and the arrest form part of the same transaction. U.S. v. Watson, 423 U.S. 411 (1975); Commonwealth v. Cavanaugh, 366 Mass. 277, 317 N.E.2d 480 (1974); Commonwealth v. Conway, 2 Mass.App. 547, 316 N.E.2d 757 (1974); 30 Mass.Prac. 2nd Ed. (Smith), § 97. An arrest without a warrant for a misdemeanor which does not occur in the presence of the police, even if it amounts to a breach of the peace, is unlawful, absent statutory authority. In this case, there is no statutory authority permitting the New Bedford Police to arrest the Defendant for this "alleged" misdemeanor.

From the documents produced by the Defendants in their Joint Facts Agreed Statements, Ned K. LeDuc was a patrolman with the New Bedford Police Department. While in the Police Station and assigned to a desk, LeDuc had three (3) sergeants in the vicinity over him. Those individuals were Sgt. Kristofer Winterson, Sgt. Rita Riberio, and Sgt. Mark Stone. LeDuc did not contact any of these sergeants prior to taking it upon himself to arrest the Plaintiff.

Further, LeDuc told the Plaintiff that the person in charge of the Police Station was Lt. Richard Netinho, and that LeDuc had contacted him and advised the Plaintiff that Netinho would speak with him. This never materialized. Since LeDuc was not in control of the subject premises, he had no authority to arrest the Plaintiff and charge him with trespassing in this public facility. Further, no sergeant deemed it necessary to arrest, or threaten to

5

arrest, or order the arrest of the Plaintiff. Consequently, this arrest was unlawful, and outside of the permissible scope of his duty as a police officer, since he had no authority to arrest the Plaintiff. (See Plaintiff's Exhibit "C".)

Since the Plaintiff admits to some of the alleged Undisputed Facts of the Defendants, and the Plaintiff has his own list of Undisputed Facts, those combined to show that there was no breach of the peace, and that Ned K. LeDuc had no authority to arrest the Plaintiff. Further, the Plaintiff was not charged with Disturbing the Peace or Disorderly Conduct. Consequently, the Plaintiff was engaging in no conduct which permits the Police to declare him as a trespasser.

With these facts, the Defendants' Motion for Summary Judgment must be denied; and the Plaintiff's Cross-Motion for Summary Judgment allowed as to liability.

II. **THE CITY OF NEW BEDFORD HAS A CUSTOM OR USAGE (POLICY) OF DEPRIVING CITIZENS OF CONSTITUTIONALLY PROTECTED RIGHTS**.

The Defendants' Motion for Summary Judgment with respect to the custom or usage (policy) rests on a misstatement of the facts. Consequently, the law as stated by the Defendants, although true, is not applicable to this case. Here, the Plaintiff, as an attorney at law, attempting to meet with his client, who apparently was permitted by the New Bedford Police to contact the Plaintiff, but denied Plaintiff access to his client.

6

From the statements of the New Bedford Police Officers, initially from Sgt. Kristofer Winterson on October 6, 2000, to his written I.A.D. Statement on July 2, 2003, and his Affidavit of February 2005, it is clear that the New Bedford Police Department has a policy of denying attorneys from meeting with their clients who are being held in custody, because they have "no designated area to meet" and/or it is a "security risk". This City Police Department has been given "Miranda Rights" to criminal suspects since the 1960s, but apparently advances the notion that criminal suspects cannot meet with their attorneys. This notion is incredible, but it is advanced as an admission by these Defendants. This is clearly a custom or usage under color of law and prohibited under Title 42, U.S.C. § 1983, in that it prevents attorneys from performing their work at a very crucial point in due process.

This policy by the City of New Bedford prevents attorneys from their rightful roles as advocates for criminal suspects, but further interferes with the livelihood of attorneys, and in not an incidental way.

As a citizen, the Plaintiff had a right to be at the New Bedford Police Station conducting lawful business. The New Bedford Police prevented him from engaging in his practice as an attorney, but not just this attorney. The Defendants admit the do not permit attorneys to meet with any clients being held at the New Bedford Police Station because of the lack of "designated area" and because of a "security risk" of attorneys meeting with their clients. In

this case the police were interrogating the client, and apparently let the client call the Plaintiff three (3) times. This is clearly custom or usage (policy) of constitutional magnitude, requiring that the Motion for Summary Judgment by the Defendants be denied; and the Plaintiff's Motion for Summary Judgment be allowed.

## CONCLUSION

The Defendant has show the statutory requirements in order for the police to arrest for misdemeanors. In this case, the Plaintiff was charged with a misdemeanor, and the police had no statutory authority or otherwise to arrest him for this misdemeanor. Accordingly, Summary Judgment must be denied to the Defendants and granted to the Plaintiff.

Wherefore, the Plaintiff prays this Honorable Court deny the Defendants' Motions for Summary Judgment and allow the Plaintiff's Motion for Summary Judgment.

DONALD A. BRISSON,
By his attorney,

*/s/ James R. McMahon, III*

James R. McMahon, III, Esquire
BBO # 552111
Law Offices of James R. McMahon, III, PC
25 Main Street, Second Floor
Post Office Box 313
Buzzards Bay, MA 02532-0313
(508) 759-9099

Dated: March 30, 2005

8

UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

CIVIL ACTION NUMBER: 03-CV-12249-DPW

* * * * * * * * * * * * * *
DONALD A. BRISSON,              *
                                *
v.              Plaintiff       *
                                *
CITY OF NEW BEDFORD and         *
NED K. LeDUC,                   *   **PLAINTIFF'S CERTIFICATE OF SERVICE**
                                *
              Defendants        *
* * * * * * * * * * * * * *

I, James R. McMahon, III, Esquire, attorney for the Plaintiff, Donald A. Brisson, do hereby certify this day that I have served true copies of the Plaintiff's Opposition to the Defendants' Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment, Plaintiff's Supporting Affidavits, Brief, and Exhibits, upon the Defendant, City of New Bedford, by mailing same, first-class, postage prepaid, to their attorneys of record, Joseph L. Tehan, Esquire and Gregg J. Corbo, Esquire, of Kopelman and Paige, P.C., Attorneys at Law, 31 St. James Avenue, Boston, MA 02116-4102; and upon the Defendant, Ned K. LeDuc, in same manner, to his attorneys of record, Austin M. Joyce, Esquire, and Michael J. Akerson, Esquire, of Edward P. Reardon, P.C., 397 Grove Street, Worcester, MA 01605.

                                    _____
                                    JAMES R. McMAHON, III, ESQUIRE
                                    BBO # 552111
                                    Law Offices of James R. McMahon, P.C.
                                    25 Main Street, Second Floor
                                    Post Office Box 313
Dated: March 30, 2005               Buzzards Bay, MA  02352-0313
                                    (508) 759-9099