UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

CIVIL ACTION NUMBER: 03-cv-12249-DPW

* * * * * * * * * * * * *
DONALD A. BRISSON,
          Plaintiff
v.

CITY OF NEW BEDFORD and
NED K. LeDUC,
          Defendants
* * * * * * * * * * * * *

**PLAINTIFF'S CONCISE STATEMENT AS TO DISPUTED MATERIAL FACTS UNDER LOCAL RULE 56.1**

NOW comes the Plaintiff, Donald A. Brisson, Esquire, in his Opposition to the Defendants' Motion for Summary Judgment, pursuant to Local Rule 56.1, and hereby sets forth his Concise Statement of the material facts of record as to which he contends that there exists a genuine issue to be tried, as follows:

1. The Defendants' Joint Facts, ¶ 19, the Plaintiff disputes that he was "in an irate and excited manner. Indeed he was ranting and raving." (Brisson Affidavit, ¶ 13.)

2. The Defendants' Joint Facts, ¶ 23, the Plaintiff disputes the phrase "particularly in light of Attorney Brisson's demeanor, i.e. he was a security risk." The Plaintiff objects to this phrase stating that it is held in the wrong light under the statement. It is clear that Sgt. Winterson's initial using the phrase "security risk" was the meeting of prisoners in the Police Station, for the reason that there was no designated area to do so, and not due to any conduct or demeanor of the Plaintiff. (Brisson Affidavit, ¶ 11.)

3. The Defendants' Joint Facts, ¶ 28, the Plaintiff disputes the

1

sentence "even the Plaintiff admits that he was 'getting frustrated' and raising his voice". The Plaintiff says that "getting frustrated" and "raising his voice" does not amount to "irrate or excited manner" or "ranting and raving" (Brisson Affidavit, ¶ 20.)

3. The Defendants' Joint Facts, ¶ 29, the Plaintiff disputes the phrase "the Plaintiff became increasingly frustrated and raised his voice even more than before". The Plaintiff raised his voice so that Officer LeDuc would hear him through the plexi-glass. (Brisson Affidavit, ¶ 20.)

4. The Defendants' Joint Facts, ¶ 37, the Plaintiff disputes the phrase "at all times during this incident, LeDuc was acting in the good faith performance of his duties as a Police Officer for the City of New Bedford." This is a genuine issue to be tried.

5. The Defendants' Joint Facts, ¶ 37, the Plaintiff objects to the phrase "at all times during this incident, Winterson was acting in the good faith performance of his duties as a Police Officer for the City of New Bedford." This is a genuine issue to be tried.

DONALD A. BRISSON
By his attorney,

*James R. McMahon III* (signature)
James R. McMahon, III
BBO # 552111
Law Offices of James R. McMahon, III, PC
25 Main Street, Second Floor
Post Office Box 313
Buzzards Bay, MA  02532-0313
(508) 759-9099

Dated March 30, 2005