UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

CIVIL ACTION NUMBER: 03-CV-12249-DPW

* * * * * * * * * * * * * *
DONALD A. BRISSON,
             Plaintiff
v.

CITY OF NEW BEDFORD and
NED K. LeDUC,
             Defendants
* * * * * * * * * * * * * *

**PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS UNDER LOCAL RULE 56.1**

NOW comes the Plaintiff, Donald A. Brisson, Esquire, in his Opposition to the Defendants' Motions for Summary Judgment, and in support of his Plaintiff's Cross-Motion for Summary Judgment, pursuant to Local Rule 56.1, does hereby sets forth his Statement of the undisputed material facts of record, as follows:

1. Ned K. LeDuc was an officer (patrolman) of the New Bedford Police Department at the time of this arrest. (Defendants' Joint Facts ¶ 10.)

2. Lt. Richard Netinho was the commanding officer of the Police Station at that time. (See Defendants' Affidavit of Ned LeDuc, Exhibit 1 and 2.)

3. At the time of the event, Sgt. Kristofer Winterson was in the New Bedford Police Station but did not order the Plaintiff arrested. (See Defendants' Affidavit of Sgt. Kristofer Winterson.)

4. At the time of the arrest, Sgt. Mark Stone was in the room

1

with Officer LeDuc, however he did not order the Plaintiff arrested. (See Defendants' Affidavit of Ned LeDuc, Exhibit 2.)

5. Sgt. Rita Riberio was also present in the Police Station at the time of this incident, but she was not consulted prior to the arrest by LeDuc of the Plaintiff. (See Plaintiff's Exhibit "G", the I.A.D. Statement by Sgt. Rita Riberio.)

6. Ned K. LeDuc was not in charge of the New Bedford Police Station or the person who had lawful control of said premises at the time of the arrest of the Plaintiff. (See Brisson Affidavit at ¶ 15.)

7. As of October 6, 2000 to at least July 2, 2003, and possibly to February of 2005, there was no place in the New Bedford Police Station where attorneys may meet with their clients and confer with their clients regarding questioning by the Police or any other lawful matter pursuant to constitutional rights. (See Defendants' Joint Facts ¶ 23, Defendants' Winterson Affidavit at ¶ 7; I.A.D. Statement of Winterson at Page 4, Lines 9-16, I.A.D. Statement of Officer Claudia Sampson at Page 7, Lines 7-18.)

8. No sergeant within the New Bedford Police Department ordered LeDuc to arrest the Plaintiff. (See Defendants' Affidavit of Ned K. LeDuc.)

9. Lt. Richard Netinho never ordered the arrest of the Plaintiff. (See Defendants' Affidavit of Ned K. LeDuc.)

10. LeDuc knew that Lt. Richard Netinho was the commanding

officer, the person in charge, and the person who had lawful control of the New Bedford Police Station on October 6, 2000, during the time in question when the Plaintiff was arrested. (See Defendants' Affidavit of Ned K. LeDuc, Exhibits 1 and 2, Brisson Affidavit at ¶ 15.)

11. The New Bedford Police arbitrarily decide whether "there is a need to allow a conference" between an attorney and client, or when an attorney may meet with his client who is under arrest. (Defendants' Joint Facts at ¶ 23.)

12. The Plaintiff was not charged with Disturbing the Peace. (See Defendants' Affidavit of Ned K. LeDuc, Exhibits 1 and 2, and Plaintiff's Exhibit A.)

13. The Plaintiff was not charged with Disorderly Conduct. (See Defendants' Affidavit of Ned K. LeDuc, Exhibits 1 and 2, and Plaintiff's Exhibit A.)

14. The Plaintiff's conduct did not amount to a breach of the peace. (Brisson Affidavit at ¶ 31.)

DONALD A. BRISSON
By his attorney,

*James R. McMahon, III*

James R. McMahon, III
BBO # 552111
Law Offices of James R. McMahon, III, PC
25 Main Street, Second Floor
Post Office Box 313
Buzzards Bay, MA  02532-0313
(508) 759-9099

Dated  March 30, 2005