UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO 03-CV-12249-DPW

| | |
|---|---|
| DONALD A. BRISSON,<br><br>    Plaintiff<br><br>v.<br><br>CITY OF NEW BEDFORD and NED K. LEDUC,<br><br>    Defendants | DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS UNDER LOCAL RULE 56.1 |

Now come the defendants, the City of New Bedford and Ned K. LeDuc, and hereby respond to plaintiff's statement of undisputed facts under Local Rule 56.1 as follows:

<u>Plaintiff's Paragraph 2</u> – the plaintiff states that "Lt. Richard Nethino was the commanding officer of the Police Station at that time." Based on the facts, in the record, however, it is clear that Lt. Nethino was not at the police station at the time of the plaintiff's arrest (Plaintiff's Affidavit, ¶32).

<u>Plaintiff's Paragraph 6</u> – Sets forth a conclusion of law.

<u>Plaintiff's Paragraph 7</u> - The plaintiff's statement that "there was no place in the New Bedford Police Station where attorneys may meet with their clients and confer with their clients regarding questioning by the Police or any other lawful matter pursuant to constitutional rights" comprises a mischaracterization as to the undisputed facts. The decision not to allow the plaintiff to meet with his client was made by Sgt. Winterson based on the facts and circumstances known to him at the time (Winterson Affidavit, ¶7). Specifically, Sgt. Winterson knew that Mr. Furtado was not being substantively interrogated and that he was not being held on criminal charges (Winterson Affidavit, ¶3, 7). Additionally, Sgt. Winterson testified that he

was not aware of any designated area within the Police Station for attorney/client conferences and that he did not believe that the booking area was an appropriate location (Winterson Affidavit, ¶7).  Sgt. Winterson further testified that he is not authorized to establish policy in this regard (Winterson Affidavit, ¶6).  The IAD statements included by the plaintiff do not contradict these assertions, and there is no evidence in the record as to whether an attorney/client conference would be allowed under different circumstances (i.e. where an individual had a right to counsel based on a substantive interrogation).

      Paragraph 11 – Sets forth a conclusion of law.

      Paragraph 14 – Sets forth a conclusion of law.

| DEFENDANTS | DEFENDANT |
|---|---|
| CITY OF NEW BEDFORD, | NED LeDUC |
| and NED LeDUC, | |
| By their attorneys, | By his attorney, |
| /s/ Gregg J. Corbo | /s/ Austin M. Joyce |
| Joseph L. Tehan, Jr. (BBO# 494020) | Austin M. Joyce (BBO #255040) |
| Gregg J. Corbo (BBO #641459) | Edward P. Reardon, P.C. |
| Kopelman and Paige, P.C. | 397 Grove Street |
| 31 St. James Avenue | Worcester, MA |
| Boston, MA 02116 | (508) 754-7285 |
| (617) 556-0007 | |

248850/60700/0499