UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO 03-CV-12249-DPW

| | |
|---|---|
| DONALD A. BRISSON,<br><br>    Plaintiff<br><br>v.<br><br>CITY OF NEW BEDFORD and NED K. LEDUC,<br><br>    Defendants | DEFENDANTS' OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT |

Now come the defendants, the City of New Bedford and Ned K. LeDuc, and hereby oppose the plaintiff's cross-motion for summary judgment, which was contemporaneously filed with the plaintiff's opposition to defendants' motions for summary judgment in the above-referenced case. As grounds therefor, the defendants state that the plaintiff's cross-motion should be denied for the reasons set forth in defendants' Joint Local Rule 56.1 Statement of Undisputed Facts and Memoranda of Law in support of defendants' Motions for Summary Judgment and the within Memorandum of Reasons.

MEMORANDUM OF REASONS

The plaintiff does not dispute the material facts asserted by the defendants, but rather, he raises two legal issues that he claims entitles him to summary judgment as a matter of law. First, as to defendant LeDuc, the plaintiff claims that he is entitled to summary judgment because LeDuc was not properly authorized to ask the plaintiff to leave the station or to arrest him for trespass. Second, as to the City, the plaintiff claims that the City failed to designate an area in the Station for attorney/client meetings, and such inaction amounts to an unconstitutional custom or policy.

As will be described in detail below, the plaintiff's theories are not grounded in fact or law and the plaintiff's cross-motion should be denied.

I. The Plaintiff's Cross-Motion Should Be Denied Because Officer LeDuc was Properly Authorized to Arrest the Plaintiff as a Matter of Law

At pages 3-6 of the plaintiff's Supporting Brief, the plaintiff claims that Officer LeDuc did not properly arrest the plaintiff because there was insufficient evidence of a breach of the peace, as is required for warrantless misdemeanor arrests. The rule requiring a police officer to observe a breach of the peace prior to making a warrantless misdemeanor arrest is a common-law principle. Commonwealth v. Jacobson, 419 Mass. 269, 272, 644 N.E.2d 213, 215 (1995). The Legislature, however, has the power to enact legislation that expands the authority of police officers with respect to warrantless arrests for misdemeanors. Jacobson, 419 Mass. at 269, n. 3, 644 N.E.2d at 215, n. 3. With respect to criminal trespass, G.L. c. 266, §120 expressly states that "[a] person who is found committing such trespass may be arrested by a sheriff, deputy sheriff, constable or police officer . . . ." This delegation of authority by the Legislature was clearly intended to change the common-law rule for misdemeanor trespass arrests, as the trespass statute contains no requirement that the arrestee be committing a breach of the peace. Indeed, the Massachusetts Appeals Court has upheld a trespass conviction where there was no evidence that the defendant was disorderly or used foul language. *See, e.g.* Commonwealth v. Lapon, 28 Mass.App.Ct. 681, 554 N.E.2d 1225 (1990). Therefore, as a police officer is entitled to make trespass arrests without evidence of a breach of the peace, the defendant's motion for summary judgment should be allowed and the plaintiff's cross-motion should be denied.

Without citation to any legal authority, the plaintiff claims that Officer LeDuc was not "a person who has lawful control" of the police station for purposes of asking a person to leave because he was not the highest ranking officer on duty (Plaintiff's Supporting Brief, p. 5-6).

2

This contention is without merit.  According to the Massachusetts Appeals Court, an individual has lawful control of the premises if they are acting on authority of the manager or owner of the premises.  *See e.g.* Commonwealth v. Wolf, 34 Mass.App.Ct. 949, 614 N.E.2d 679, 680 (1993) (defendants guilty of committing criminal trespass when they remained on property after being asked to leave by clinic employee); Commonwealth v. Hood, 389 Mass. at 590, 452 N.E.2d at 194 (defendants guilty of committing criminal trespass when they remained on property after being asked to leave by the owner's security officer).  There is no requirement in the statute or the case law that requires a person in LeDuc's position to consult with a superior prior to asking someone to leave, and there is no requirement that a police officer ask a superior for permission to make an arrest based on probable cause, as was the case here.

In this matter, LeDuc was acting on behalf of and for the benefit of his employer, the City of New Bedford.  Specifically, as part of his duties as the desk officer, LeDuc was required to screen visitors and regulate entry into the non-public areas of the building (Statement of Facts, ¶ 11).  As the desk officer, LeDuc was responsible for checking visitors into the station.  If an individual wished to enter a non-public area Station, LeDuc, in his capacity as desk officer, would inquire as to the purpose of their visit and contact the appropriate officer (Statement of Facts, ¶11).  Here, the plaintiff wished to enter the booking area and Officer LeDuc contacted the Booking Sergeant (Statement of Facts, ¶15).  The Booking Sergeant then spoke with the plaintiff and told him that he would not be permitted entry into the booking area (Statement of Facts, ¶23).  Officer Leduc was aware of the Book Sergeant's decision and twice asked the plaintiff to leave when the plaintiff's behavior was preventing Officer LeDuc from performing his duties as a police officer (Statement of Facts, ¶ 28). These facts were not disputed by the plaintiff and clearly establish that LeDuc was in lawful control for purposes of asking the plaintiff to leave,

and that he had probable cause to arrest the plaintiff. Therefore, the defendant's motion for summary judgment should be allowed and the plaintiff's cross-motion should be denied.

II.     The Plaintiff Has Failed to Establish a Municipal Custom or Policy

The plaintiff claims that "the New Bedford Police Department has a policy of denying attorneys from meeting with their clients who are being held in custody, because they have 'no designated area to meet' and/or it is a security risk." (Plaintiff's Supporting Brief, p. 7). To the extent that the plaintiff's characterization of the evidence amounts to a municipal custom or policy (which is denied for the reasons set forth in the City's Summary Judgment Memorandum), the City is, nonetheless, entitled to summary judgment as a matter of law.

It is well-settled that a municipality cannot be held liable under 42 U.S.C. §1983 unless the alleged custom or policy actually results in a deprivation of the plaintiff's rights. Wilson v. Town of Mendon, 294 F.3d 1, 6 (2002) ("if [] the officer has inflicted no constitutional harm, neither the municipality nor the supervisor can be held liable"); Nieves v. McSweeney, 241 F.3d 46, 50 (1st Cir. 2001) (allegation of municipal liability requires proof of an underlying constitutional violation). Here, the plaintiff claims that "[t]his policy by the City of New Bedford prevents attorneys from their rightful roles as advocates for criminal suspects, but further interferes with the livelihood of attorneys, and not in an incidental way." (Plaintiff's Supporting Brief, p. 7). As discussed in detail in the City's Summary Judgment Memorandum, this argument was rejected by United States Supreme Court in Conn v. Gabbert, 526 U.S. 286 (1999), which held that the right to practice law is not infringed upon by a "brief interruption" which may arise in a particular circumstance. Therefore, because the plaintiff has identified no constitutional right that may have been interfered with as a result of the City's alleged custom

and policy, the defendant's motion for summary judgment should be allowed and the plaintiff's cross-motion should be denied.

IV. <u>CONCLUSION</u>

For the foregoing reasons the defendants' Motion for Summary Judgment should be allowed as to all claims set forth in the Complaint.

| | |
|---|---|
| DEFENDANTS<br>CITY OF NEW BEDFORD,<br>and NED LeDUC, | DEFENDANT<br>NED LeDUC |
| By their attorneys, | By his attorney, |
| /s/ Gregg J. Corbo<br>Joseph L. Tehan, Jr. (BBO# 494020)<br>Gregg J. Corbo (BBO #641459)<br>Kopelman and Paige, P.C.<br>31 St. James Avenue<br>Boston, MA 02116<br>(617) 556-0007 | /s/ Austin M. Joyce<br>Austin M. Joyce (BBO #255040)<br>Edward P. Reardon, P.C.<br>397 Grove Street<br>Worcester, MA<br>(508) 754-7285 |

248530/60700/0499